**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John COLE, Defendant-Appellant.**

**No. 13765.**

United States Court of Appeals Seventh Circuit.

Jan. 4, 1963.

Rehearing Denied Feb. 1, 1963.

R. Eugene Pincham, Charles B. Evins and Glenn C. Fowlkes, Chicago, Ill., for appellant John Cole.

James P. O'Brien, U. S. Atty., John Powers Crowley, Asst. U. S. Atty., Chicago, Ill., for appellee; John Peter Lulinski, Asst. U. S. Atty., of counsel.

Before HASTINGS, Chief Judge, SWYGERT, Circuit Judge, and GRUBB, District Judge.

SWYGERT, Circuit Judge.

After a jury-waived trial in the District Court, defendant, John R. Cole, was found guilty of violating the federal narcotics laws, and was sentenced to a term of imprisonment. He had been charged in a one-count indictment with having received, concealed, and facilitated the transportation and concealment of heroin in violation of 21 U.S.C. § 174, as amended by the Narcotic Control Act of 1956.

Before the trial defendant moved to suppress as evidence the contraband heroin taken from him when he was arrested. The motion was denied by the trial judge. The same evidence adduced on the motion to suppress was admitted at the trial.

The sole question on this appeal is whether Agent Valentine of the Federal

Bureau of Narcotics had probable cause to arrest defendant without a warrant and, coincident to such arrest, search his person for narcotics.

Defendant argues that his arrest was unlawful because the arresting officer, Agent Valentine, was without any personal knowledge of the identity of defendant, having never seen him prior to the arrest. The facts follow.

On July 1, 1961, an informant told Agent Valentine that he had been getting narcotics from defendant Cole for several months. He also gave Valentine Cole's address—7947 South Ellis, Chicago. He said it was his practice to call Cole at his home and later meet him at Mable Love's house at 61st and Dorchester, Chicago, for delivery. On July 26, the informant, in the presence of Valentine called a certain telephone number. A man's voice answered "yes" when the informant said "Cole"? Thereupon, the person who identified himself as Cole arranged to sell an ounce of heroin to the informant and to deliver it to him later that day at "Mable's house." The telephone conversation was overheard by Agent Valentine. Valentine then drove to the designated rendezvous. During this trip he was in radio contact with other narcotic agents from whom he learned that a man had left the Cole residence on Ellis Avenue and was driving toward 61st and Dorchester. A car drove up and parked behind Agent Valentine's car on 61st Street. One of the other agents who had followed defendant from his residence to this spot, drove up to where Agent Valentine was sitting in his car and said, "He's pulling behind you." Defendant got out of his car and started walking toward a nearby residence. Valentine got out of his car and followed defendant. The agent testified:

"At that time I said 'Cole.' He stopped and turned around and I held up the Federal Narcotics Badge and I said 'Federal Narcotics Agents, John.' He turned around and saw Agent Meyer walking towards him from the other direction and he said, 'All right, you have got me. The stuff is in my pocket. You don't have to rough me up.'"

A search of Cole's person produced a brown paper bag in which there were ten smaller bags containing heroin.

The evidence in the record furnishes substantial support for concluding that the arrest and subsequent search of defendant were pursuant to information given to Agent Valentine by a government informant, buttressed by his own personal knowledge and observations and by reason of information supplied to him by other agents of the Federal Bureau of Narcotics. After considering the evidence, as well as the briefs and arguments of the parties, we conclude that both the arrest [1] and search were lawful and the trial judge's denial of the motion to suppress the evidence was correct. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); United States v. Smith, 2 Cir., 308 F.2d 657 (1962); Rodgers v. United States, 9 Cir., 267 F.2d 79 (1959); United States v. Walker, 7 Cir., 246 F.2d 519 (1957).

The judgment is affirmed.

1. 26 U.S.C. § 7607, as amended, reads in pertinent part:
"The * * * agents, of the Bureau of Narcotics of the Department of the Treasury * * *, may—
"(2) make arrests without warrant for violations of any law of the United States relating to narcotic drugs * * * or marihuana * * * where the violation is committed in the presence of the person making the arrest or where such person has reasonable grounds to believe that the person to be arrested has committed or is committing such violation."